IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GERALD VILLANUEVA, #A4005447, | ) ) ) | CIVIL NO. 14-00233 JMS-BMK |
|---|---|---|
| Petitioner, | ) ) ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |

# ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY

Before the court is pro se Petitioner Gerald Villanueva's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] Villanueva challenges his conviction and sentence in *State v. Villanueva*, Cr. No. 96-0-0078(2). *See* Pet., Doc. No. 1 at PageID #1. The court has carefully reviewed the Petition and its exhibits under Rule 4 of the Rules Governing Section 2254 Cases, and DENIES it as frivolous and for failure to state a cognizable basis for relief.

///

///

---

[1] Villanueva asserts jurisdiction under 28 U.S.C. § 2255, arguing that Hawaii is a territory or possession of the United States. *See* Pet., Doc. No. 1, PageID #12. Because he is a state prisoner challenging a state conviction and sentence, however, the court reviews his claims under 28 U.S.C. § 2254.

## I. BACKGROUND

### A. Hawaii State Court Procedural History

On or about August 22, 1996, Villanueva was found guilty of robbery in the first degree, in violation of Hawaii Revised Statutes ("HRS") § 708-840 (1993) (Count I); possession or use of a firearm in the commission of a separate felony, in violation of HRS § 134-6(a) (Supp. 1996) (Count II); and possession of a prohibited firearm or device, in violation of HRS § 134-8 (1993) (Count III), in *State v. Villanueva*, Cr. No. 96–0078(2). *See* Hawaii State Judiciary's Public Access to Court Information: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/, 2PC96-0-000078; *see also State v. Villanueva*, No. 30137, 2010 WL 2513330 (Haw. App. July 21, 2010) (as amended). On October 23, 1996, the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), sentenced Villanueva to concurrent terms of imprisonment of twenty years each for Counts I and II, and five years for Count III. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/, 2PC96-0-000078, Doc. No. 52.

On May 28, 1998, the Hawaii Supreme Court affirmed Villanueva's convictions and sentences for Counts I and III, and reversed his conviction and sentence for Count II. *Id.*, Doc. No. 71; *State v. Villanueva*, No. 20220, 959 P.2d 844 (Haw. May 28, 1998) (unpub.). The circuit court, however, took no action to

implement the Hawaii Supreme Court's decision.

In 2009, Villanueva filed a series of documents in state court challenging his convictions and sentences in Cr. No. 96-0-0078(2) and Cr. No. 05-1-0946.[2] Villanueva primarily argued that the State lacked jurisdiction to convict, sentence, or incarcerate him, because he is a Hawaiian citizen born in the Territory of Hawaii before statehood. *See State v. Villanueva*, 2010 WL 2513330, at *1-2. The State characterized Villanueva's documents as a non-conforming petition for post-conviction relief under Hawaii Rules of Penal Procedure ("HRPP") Rule 40 and filed a Notice of No Response. The circuit court then struck or denied each of Villanueva's documents and pleadings; Villanueva appealed.

On appeal, the State argued that the circuit court's decisions to strike and deny Villanueva's pleadings were correct, but in the interest of justice the matter should be remanded for resentencing in Cr. No. 96-0-0078(2) to reflect the Hawaii Supreme Court's decision affirming Counts I and III, and reversing Count II. *Id.* On June 23, 2010, the Hawaii Intermediate Court of Appeals ("ICA") concluded that "Villanueva was entitled to consideration of the issues he raised for post-conviction relief under HRPP Rule 40 and that the circuit court erred in

---

[2] On November 11, 2005, Villanueva pled guilty to forgery in the second degree in Cr. No. 05-1-946, and was sentenced to five years incarceration. He does not challenge this conviction or sentence in the present petition.

3

failing to consider the documents he filed under HRPP Rule 40." *Id.* at *3. The ICA ordered the circuit court to treat Villanueva's documents collectively as a petition for post-conviction relief under HRPP Rule 40 (in both Cr. No. 96-0-0078(2) and Cr. No. 05-1-0946) and to "take appropriate steps to implement the Hawaii Supreme Court's 1998 decision in Appeal No. 20220, which reversed Villanueva's conviction and sentence on Count II for possession or use of a firearm in the commission of a separate felony." *Id.* at *4. The ICA expressed no position on the merits of Villanueva's pleadings.

On July 27, 2010, the circuit court denied Villanueva's Rule 40 petition for writ of habeas corpus in Cr. No. 05-1-09460. *See State v. Villanueva*, Cr. No. 05-1-0946, Doc. No. 26, http://hoohiki1.courts.state.hi.us/jud/Hoohiki, 1PC05-1-000946. Villanueva did not appeal. *Id.*

On December 2, 2010, the circuit court resentenced Villanueva in Cr. No. 96-0-0078(2) to twenty years incarceration for Count I, and five years incarceration for Count III. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki, 2PC98-0-000078. On December 7, 2010, the circuit court filed an Amended Judgment, Conviction and Sentence that implemented the Hawaii Supreme Court's 1998 Summary Disposition Order affirming Counts I and III and reversing Count II. *Id.*, Doc. No. 120.

On August 2, 2011, the circuit court issued a Findings of Fact, Conclusions of Law, and Order Denying Rule 40 Petition for Post-Conviction Relief in Cr. No. 96-0-0078(2).  *Id.*, Doc. No. 133.  On August 10, 2011, Villanueva filed two notices of appeal, which were consolidated in the ICA as CAAP-11-00606.  *See id.*, Doc. Nos. 134, 136.  On April 25, 2013, the ICA issued a Summary Disposition Order affirming the circuit court's August 2, 2011, Findings of Fact, Conclusions of Law.  *Villanueva v. Hawaii*, 2013 WL 1776072 (Haw. App. Apr. 25, 2013).  Judgment entered on June 13, 2013.

Villanueva has filed numerous other HRPP Rule 40 challenges in Cr. No. 96-0078(2), in other criminal proceedings, and to decisions of the Hawaii Paroling Authority.  *See generally*, Villanueva, Gerald, http://hoohiki1.courts.state.hi.us/jud/Hoohiki.  He is presently on appeal in CAAP-14-0000809 (filed May 7, 2014), regarding the denial of an HRPP Rule 40 petition challenging Cr. No. 96-0-0078(2).  *See id.*, 2PR13-1-000013 (filed December 27, 2013).  His most recent state court post-conviction proceeding was filed in the circuit court on May 8, 2014.  *See id.*, 2PC14-1-000003.

///

///

///

## B. Federal Court Procedural History

### 1. *First Federal Petition*

On July 25, 2005, Villanueva filed his first federal petition for writ of habeas corpus challenging his conviction in Cr. No. 96-0-0078(2). *See Villanueva v. Hawaii*, Civ. No. 05-00460 JMS (D. Haw. 2005). Villanueva asserted only one claim for relief: that the circuit court lacked jurisdiction over him because he is a "citizen of U.S.A. and a citizen for the Territory of Hawaii, [but is] not a resident or citizen of Hawaii." *Id.*, Doc. No. 1. Villanueva conceded that he never raised this issue in the state courts. On August 5, 2005, noting that the petition appeared unexhausted and time-barred on its face, the court dismissed it with leave to amend to name a proper respondent and provide pertinent details regarding his conviction, sentence, and direct or collateral appeals. *Id.*, Doc. No. 3 (August 5 Order"). On October 12, 2005, the court ordered Villanueva to show cause for his failure to respond to the August 5 Order. *Id.*, Doc. No. 7. On November 4, 2005, Villanueva responded to the Order to Show Cause, and on December 7, 2005, he filed an Amended Petition. *Id.*, Doc. Nos. 8, 11. On December 15, 2005, this Court held that Villanueva's assertion that he is not subject to the laws of the State of Hawaii because he was born in the Territory of Hawaii was frivolous and failed to state a claim. *Id.*, Doc. No. 23. The Amended Petition was denied with prejudice, as was

a certificate of appealability. *Id.* On July 3, 2006, the Ninth Circuit also denied a certificate of appealability. *Id.*, Doc. No. 30.

## 2. *Second Federal Petition*

On September 18, 2007, Villanueva filed a second habeas petition under 28 U.S.C. § 2254, again challenging his conviction in Cr. No. 96-0-0078(2). *See Villanueva v. Tanaka*, Civ. No. 07-00481 HG (D. Haw. 2007). The court dismissed this petition without prejudice as second or successive, with instructions to seek permission to file it from the Ninth Circuit. *Id.*, Doc. No. 4. On January 15, 2008, the Ninth Circuit denied Villanueva's application for certification to file a second or successive petition. *See* App. No. 07-74008, Doc. No. 3.

## 3. *Third Federal Petition*

On May 16, 2014, Villanueva filed the present petition for writ of habeas corpus again challenging his conviction and sentence in Cr. No. 96-0-0078(2). Pet., Doc. No. 1. Villanueva raises four grounds for relief:

> Ground One: Lack of Jurisdiction of the court that entered the Judgment.
>
> Ground Two: The United States and the 50 States has no lawful authority or Jurisdiction over People or Men.
>
> Ground Three: I have not waive[d] or surrender[ed] any of my rights to the (natural or fundamental rights and artificial or remedial rights under the U.S. Constitution[)].

7

> Ground Four: There is a Conflict of Interest in my
> original proceedings to Cr. 96-0078(2), Appeals case
> 20220, ICA, 303137 and my trial.[3]

*Id.*, PageID #5-10. Although Villaneuva sets forth his argument in four separate grounds, and although his claims are somewhat unclear, the thrust of his argument is that the State of Hawaii lacked jurisdiction to resentence him in Cr. No. 96-0-078(2) because he is a citizen of the Territory of Hawaii and of the United States, but is not a citizen of the State of Hawaii. Notwithstanding this assertion, he asks that his charges be dismissed or expunged "in accordance with State law." Pet., Doc. No. 1, PageID #15.

The court determined that the Petition was second or successive and transferred it to the Ninth Circuit. *Id.*, Doc. No. 4. On July 31, 2014, the Ninth Circuit remanded Villanueva's Petition (without expressing any opinion on its merits), with its exhibits and his application to proceed in forma pauperis filed on appeal, with instructions to reopen the case and proceed with review. *Id.*, Doc. Nos. 8-12; *see* Ninth Cir. No. 14-71451.

---

[3] Villanueva argues that his "trial and sentence has been prejudiced" because the State of Hawaii prosecuted him, the circuit court is an arm of the State, the Honorable Shackley Rafetto, who presided at his trial, is employed by the State, and the State courts reviewed and denied his appeals. He asserts this represents a "conflict of interest." Pet., Doc. No. 1 at 10.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to review each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). A petition must also state facts that point to a real possibility of constitutional error. Habeas Rule 4, Advisory Committee Notes (1976); *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). The Advisory Notes to Rule 8 also state that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

A federal court may entertain an application for writ of habeas corpus under § 2254 only "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Such "application for a writ of habeas corpus may be denied on the merits,

9

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Dismissal is proper, even without exhaustion, "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 621 (9th Cir. 2005).

### III. DISCUSSION[4]

Villanueva's sole claim (set forth in four separate grounds for relief) is that the circuit court lacked jurisdiction when it resentenced him to twenty years incarceration in Count I and five years incarceration in Count III in Cr. No. 96-0-0078(2) in 2010, because he is an "American and Hawaiian citizen and is 'ONE PEOPLE' as a United States citizen of America for Hawaii." Pet., Doc. No. 1, PageID #6. This claim is frivolous and fails to state a claim. Because Villanueva has raised this claim repetitively in both the state and federal courts, where it has been rejected numerous times in carefully reasoned decisions, this claim also appears malicious.

Hawaii was admitted to the Union on August 21, 1959. It is without question one of the United States of America. *See* Hawaii Statehood Admissions Act, Pub. L. No. 86-3, 73 Stat. 4 (1959). As an American citizen residing in

---

[4] Although Villanueva's pending state post-conviction petitions indicate that he may not have fully exhausted his claims in Cr. No. 96-0-078(2), the Petition is subject to denial nonetheless. *See* 28 U.S.C. § 2254(b)(2).

Hawaii, Villanueva is subject to both the laws of Hawaii and the laws of the United States, notwithstanding his claim that "the United States and the 50 States has no lawful authority or Jurisdiction over People or Men." Pet., Doc. No. 1, PageID #8; *see United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting defendants' assertion that they are not United States citizens but only "Free Citizens of the Republic of Minnesota" as "lacking in merit and frivolous"); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejecting as "frivolous" defendant's argument that he is a "freeman" and thus not subject to the court's personal jurisdiction); *see also* U.S. Const. art. IV.

To the extent Villanueva claims that the Hawaii (or federal) courts lack jurisdiction over him based on his birth in the Territory of Hawaii before Statehood, this argument is untenable -- he is obviously subject to the laws of the State of Hawaii, and not only territorial law. And to the extent he makes a sovereignty argument, the Ninth Circuit, this court, and the Hawaii state courts have rejected such arguments. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents claiming they are citizens of the Sovereign Kingdom of Hawaii); *Kupihea v. United States*, 2009 WL 2025316, at \*2 (D. Haw. July 10, 2009) (dismissing complaint seeking release from prison on the basis that plaintiff is a member of the

Kingdom of Hawaii); *State v. Kaulia*, 128 Haw. 479, 487, 291 P.3d 377, 385 (2013) (finding that regardless of its origins, the State of Hawaii is a lawful government and that "[i]ndividuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws"); *State v. French*, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.") (quotations omitted).

The circuit court had jurisdiction to resentence Villanueva to his original terms of imprisonment in Counts I and III when it entered the Amended Judgment in December 2010, finally effecting the Hawaii Supreme Court's 1998 Summary Disposition Order affirming those counts and reversing Count II. Villanueva was lawfully convicted by a jury of his peers of Counts I and III. He was represented by counsel during his trial and on direct appeal and there was no "conflict of interest." *See* Pet., Doc. No. 1, PageID #13 (noting Anthony Ranken, Esq., as his trial and appellate defense attorney). He fails to argue or submit any evidence showing that his conviction in Cr. No. 96-0-078(2) otherwise violated the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Villanueva's Petition is DENIED with prejudice as frivolous and for

failure to state a claim on which relief may be granted. Because Villanueva cannot demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" or that this decision was procedurally correct, any request for a certificate of appealability is DENIED. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall close the case and terminate the action.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 18, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Villanueva v. Hawaii*, Civ. No. 14-00233 JMS-BMK; hab 2014 / Villanueva 14-233 JMS (FTSC DNY COA);
J:\Denise's Draft Orders\JMS\Villanueva 14-233 JMS (FTSC DNY COA ).wpd